IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD N. HOLLANDER,<br><br>Defendant. | No. C 08-1039<br><br>ORDER |

This matter is before the court on defendant's resisted Partial Motion to Dismiss, filed January 19, 2009, and on the Magistrate Judge's Report and Recommendation, filed March 3, 2009. Partial Motion to Dismiss denied, Report and Recommendation adopted.

Plaintiff American Family Mutual Insurance Company (American Family), a Wisconsin corporation with its principal place of business in Wisconsin, brings this action for damages, and equitable and declaratory relief against former American Family agent Richard Hollander (Hollander), a citizen of Iowa. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §§1331 and 1332.

Plaintiff brings this action upon the following claims: Count 1, violation of the Computer Fraud and Abuse Act (CFAA), 18 USC §1030; Count 2,

misappropriation of trade secrets in violation of IC §550; Count 3, breach of contract; Count 4, intentional interference with contractual obligations; and Count 5, declaratory judgment relieving plaintiff of any contractual obligation to pay certain sums to defendant.

Defendant seeks dismissal of Counts 1, 2, 3, and 5.

In seeking dismissal of Count 1, defendant asserts that plaintiff failed to allege a loss compensable under the CFAA. 18 USC §1030 provides criminal penalties for computer fraud, and also provides that a civil action may be brought for damages exceeding $5000. To establish a civil claim under the CFAA, plaintiff must show that (1) defendant accessed a protected computer, (2) that his access was without, or in excess of, his authorization, (3) that his access was with knowledge and intent to defraud, (4) that the conduct furthered the intended fraud, and (5) that the loss to plaintiff was in excess of $5000 in any one-year period. 18 USC §1030(a)(4), (g). Defendant asserts that plaintiff's claim for damages under Count 1 is for lost profits, and that lost profits are not compensable under the CFAA. Plaintiff responds that it claims damages for a damage assessment, lost revenue, costs, and other consequential damages recognizable under 18 USC §1030(e)(11), sufficient to support its CFAA claim.

In considering a motion to dismiss, the court is to assume all facts alleged in the complaint to be true, liberally construed in the light most favorable to plaintiff, and the motion should not be granted unless it appears beyond doubt

that plaintiff can prove no set of facts entitling it to relief. Coleman v. Watt, 40 F3d 255, 258 (8th Cir. 1994). Viewed against this standard, the court is satisfied that plaintiff has sufficiently claimed in excess of $5000 in costs associated with responding to and conducting damage assessment. See plaintiff's Complaint, para. 32. The motion shall be denied on this ground.

Next, defendant seeks dismissal of plaintiff's trade secrets and breach of contract claims to the extent those claims are based upon a contract that has been superseded. In support, defendant urges that these claims are based upon an agreement executed in 1982 between the parties, which was superseded by an agreement executed in 1993.

In resistance, plaintiff urges that those claims are based not upon the 1982 agreement, but rather upon the 1993 agreement as well as IC §550. There appearing no dispute that plaintiff's trade secrets and breach of contract claims are not based upon the 1982 agreement, the motion to dismiss those claims as arising under the 1982 agreement shall be denied as moot.

Finally, defendant asserts that the court should dismiss plaintiff's request for a declaratory judgment. In support, defendant asserts that plaintiff claims it should be relieved of any contractual obligation to pay defendant extended earnings as a result of defendant's breach of contract, and that plaintiff preemptively stopped making the extended earnings payments following the filing of its complaint. Upon these circumstances defendant urges there exists no

controversy to which declaratory relief could have application (since plaintiff already stopped making payments), and that the request for declaratory relief is duplicative, asserting that if defendant breached the contract as alleged, the contract expressly allows defendant to withhold extended earnings.

It is the court's view that plaintiff's claim pertaining to extended earnings presents a controversy which may be the appropriately addressed by declaratory relief, and while this controversy as to whether plaintiff owes a present and future obligation appears intertwined with other claims, it is properly raised and not duplicative. The motion for partial dismissal shall be denied on this ground.

On November 24, 2008, American Family filed a Motion for Preliminary Injunction seeking to enjoin defendant from continuing to use its trade secrets, breaching contractual obligations, and interfering with its business relationships. On November 25, 2008, the court referred plaintiff's Motion for Preliminary Injunction to the Magistrate Judge[1] for a report and recommendation pursuant to 28 USC §636(b).

On March 3, 2009, the Magistrate Judge filed a Report and Recommendation recommending that the motion for preliminary injunction be granted as follows:

1. Prohibiting Hollander from directly or indirectly inducing or attempting to induce, or assist anyone else in inducing or attempting to induce, any American

---

[1] The Honorable Jon S. Scoles.

Family policyholder credited to his account at the time of his termination to lapse, cancel, replace, or surrender any American Family Insurance Policy;

2. Prohibiting Hollander from contacting any policyholders credited to his account as of the end of his American Family agency, except for those persons who have already switched from American Family to Hollander Insurance Agency, Inc., such that Hollander will be permitted to contact and service all of his present customers including those who were formerly American Family policyholders;

3. Prohibiting Hollander from marketing, touting, quoting, or providing to any policyholders credited to his account as of the end of his American Family agency any information about insurance products competitive to American Family, irrespective of how the contact with Hollander was initiated; and

4. Prohibiting Hollander from assisting any policyholders credited to his account as of the end of his American Family agency in the act of canceling their American Family policies.

Defendant objects, urging that the Magistrate Judge erred in his consideration of the factors set forth in Dataphase Sys., Inc., v. CL Systems, Inc., 640 F2d 109, 113 (8th Cir .1981), including the likelihood of success on the merits.

The nature of this matter is fully characterized in the Report and Recommendation, and requires no further characterization here. Upon review of the Magistrate Judge's thorough Report and Recommendation and the objections thereto in accordance with the appropriate standards, the court finds no error,

and the Report and Recommendation shall be adopted for the reasons set forth therein.

It is therefore

ORDERED

1. Partial Motion to Dismiss denied.

2. Report and Recommendation adopted. Motion for Preliminary Injunction granted in accordance therewith.

May 6, 2009.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT