IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD N. HOLLANDER,<br><br>Defendant. | ) | No. 2:08-cv-1039<br><br>RICHARD N. HOLLANDER'S ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST AMERICAN FAMILY AND JURY DEMAND |
| RICHARD N. HOLLANDER,<br><br>Counterclaimant,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Counterclaim Defendant. | ) | |

COMES NOW the Defendant, Richard N. Hollander ("Hollander"), by and through undersigned counsel, and in support of his Answer to Plaintiff's complaint respectfully states as follows:

## ANSWER

### JURISDICTION AND VENUE

1. Hollander admits the allegations contained in Paragraph 1.

2. In response to the allegations contained in Paragraph 2, Hollander admits that American Family's first claim for relief creates jurisdiction pursuant to 28 U.S.C. §1331, but

expressly denies that American Family's claim under the Computer Fraud and Abuse Act has merit.

3. In response to the allegations contained in Paragraph 3, Hollander admits that this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367 but expressly denies that said claims have merit.

4. In response to the allegations contained in Paragraph 4, Hollander admits that diversity of citizenship exists, but expressly denies that American Family's claims exceed the $75,000 jurisdictional threshold established by 28 U.S.C. §1332.

5. In response to the allegations contained in Paragraph 5, Hollander admits that this Court has jurisdiction under 28 U.S.C. §2201 to hear and rule on declaratory judgment actions, but expressly denies that American Family's request for declaratory relief has merit.

6. Hollander admits that venue is proper in the Northern District of Iowa.

## FACTUAL BACKGROUND

7. Hollander admits the allegations contained in Paragraph 7.

8. In response to the allegations contained in Paragraph 8, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit A and states that said document speaks for itself. Hollander denies the remaining allegations contained in Paragraph 8.

9. In response to the allegations contained in Paragraph 9, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit B and states that said document speaks for itself. Hollander denies the remaining allegations contained in Paragraph 9.

10. In response to the allegations contained in Paragraph 10, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit B and states that said document speaks for itself. Hollander denies the remaining allegations contained in Paragraph 10.

11. In response to the allegations contained in Paragraph 11, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit C and states that said document speaks for itself. Hollander denies the remaining allegations contained in Paragraph 11.

12. In response to the allegations contained in Paragraph 12, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit C and states that said document speaks for itself. Hollander denies the remaining allegations contained in Paragraph 12.

13. In response to the allegations contained in Paragraph 13, Hollander admits that he used the ADS during the course of his agency relationship with American Family. Hollander is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations contained in Paragraph 13 and therefore denies the same.

14. In response to the allegations contained in Paragraph 14, Hollander admits that he is aware of computerized information maintained by American Family, but expressly denies that said information constitutes a trade secret, is proprietary, and/or confidential, and denies the remainder of the allegations contained in Paragraph 14.

15. Hollander is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the same.

16. Hollander is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.

17. In response to the allegations contained in Paragraph 17, Hollander neither admits nor denies the allegations contained in Paragraph 17 to the degree that the allegations call for a legal conclusion with respect to whether or not American Family's actions were "reasonable." Hollander is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 and therefore denies the same.

18. Hollander is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19. Hollander admits the allegations contained in Paragraph 19

20. Hollander denies each and every allegation contained in Paragraph 20 and any and all inferences arising therefrom.

21. Hollander denies each and every allegation contained in Paragraph 21 and any and all inferences arising therefrom.

22. Hollander denies each and every allegation contained in Paragraph 22 and any and all inferences arising therefrom.

23. Hollander denies each and every allegation contained in Paragraph 23 and any and all inferences arising therefrom.

24. Hollander denies each and every allegation contained in Paragraph 24 and any and all inferences arising therefrom.

25. Hollander denies each and every allegation contained in Paragraph 25 and any and all inferences arising therefrom.

26. Hollander denies each and every allegation contained in Paragraph 26 and any and all inferences arising therefrom.

COUNT I – COMPUTER FRAUD AND ABUSE ACT

27. Hollander incorporates his answers to Paragraphs 1-26 by this reference as if fully set forth herein.

28. In response to the allegations contained in Paragraph 28, Hollander admits that during the course of his agency with American Family, he had access to a computer system provided by American Family and the data contained thereon. Hollander denies the remainder of the allegations contained in Paragraph 28 and any and all inferences arising therefrom.

29. Hollander denies each and every allegation contained in Paragraph 29 and any and all inferences arising therefrom.

30. Hollander denies each and every allegation contained in Paragraph 30 and any and all inferences arising therefrom.

31. Hollander denies each and every allegation contained in Paragraph 31 and any and all inferences arising therefrom.

32. Hollander denies each and every allegation contained in Paragraph 32 and any and all inferences arising therefrom.

COUNT II – MISAPPROPRIATION OF TRADE SECRETS

33. Hollander incorporates his answers to Paragraphs 1-26 by this reference as if fully set forth herein.

34. Hollander neither admits nor denies American Family's allegation that it possessed "valid trade secrets" to the degree that it calls for a legal conclusion. Hollander denies

the remainder of the allegations contained in Paragraph 34 and any and all inferences arising therefrom.

35. Hollander denies each and every allegation contained in Paragraph 35 and any and all inferences arising therefrom.

36. Hollander denies each and every allegation contained in Paragraph 36 and any and all inferences arising therefrom.

37. Hollander denies each and every allegation contained in Paragraph 37 and any and all inferences arising therefrom.

38. In response to the allegations contained in Paragraph 38, Hollander expressly denies that Iowa Code §550.3 governs American Family's cause of action against Hollander and affirmatively asserts that American Family's relationship with Hollander, by contract, is to be governed by and construed in accordance with the laws of the State of Wisconsin. Hollander denies the remainder of the allegations contained in Paragraph 38 and any and all inferences arising therefrom.

39. In response to the allegations contained in Paragraph 38, Hollander expressly denies that Iowa Code §550.4 governs American Family's cause of action against Hollander and affirmatively asserts that American Family's relationship with Hollander, by contract, is to be governed by and construed in accordance with the laws of the State of Wisconsin. Hollander denies the remainder of the allegations contained in Paragraph 38 and any and all inferences arising therefrom.

40. In response to the allegations contained in Paragraph 38, Hollander expressly denies that Iowa Code §550.6 governs American Family's cause of action against Hollander and affirmatively asserts that American Family's relationship with Hollander, by contract, is to be

governed by and construed in accordance with the laws of the State of Wisconsin. Hollander denies the remainder of the allegations contained in Paragraph 38 and any and all inferences arising therefrom.

## COUNT III – BREACH OF CONTRACT

41. Hollander incorporates his answers to Paragraphs 1 through 26 by this reference as if fully set forth herein.

42. Hollander denies each and every allegation contained in Paragraph 42 and any and all inferences arising therefrom.

43. Hollander denies each and every allegation contained in Paragraph 43 and any and all inferences arising therefrom.

44. Hollander denies each and every allegation contained in Paragraph 44 and any and all inferences arising therefrom.

45. Hollander denies each and every allegation contained in Paragraph 45 and any and all inferences arising therefrom.

## COUNT IV – INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS

46. Hollander incorporates his answers to Paragraphs 1 through 26 by this reference as if fully set forth herein.

47. Hollander admits the allegations contained in Paragraph 47.

48. Hollander admits the allegations contained in Paragraph 48.

49. Hollander denies each and every allegation contained in Paragraph 49 and any and all inferences arising therefrom.

50. Hollander denies each and every allegation contained in Paragraph 50 and any and all inferences arising therefrom.

51. Hollander denies each and every allegation contained in Paragraph 51 and any and all inferences arising therefrom.

52. Hollander denies each and every allegation contained in Paragraph 52 and any and all inferences arising therefrom.

53. Hollander denies each and every allegation contained in Paragraph 53 and any and all inferences arising therefrom.

COUNT V – REQUEST FOR DECLARATORY JUDGMENT

54. Hollander incorporates his answers to Paragraphs 1 through 26 by this reference as if fully set forth herein.

55. In response to the allegations contained in Paragraph 55, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit B and states that the document speaks for itself. Hollander denies the remainder of the allegations contained in Paragraph 55 and any and all inferences arising therefrom.

56. In response to the allegations contained in Paragraph 55, Hollander admits that he executed the document attached to American Family's Complaint as Exhibit B and states that the document speaks for itself. Hollander denies the remainder of the allegations contained in Paragraph 56 and any and all inferences arising therefrom.

57. Hollander denies each and every allegation contained in Paragraph 57 and any and all inferences arising therefrom.

58. Hollander denies each and every allegation contained in Paragraph 58 and any and all inferences arising therefrom.

59. Hollander denies each and every allegation contained in Paragraph 59 and any and all inferences arising therefrom.

WHEREFORE, the Defendant, Richard N. Hollander, denies that American Family is entitled to any of the relief that it seeks and respectfully requests that this Court dismiss American Family's Complaint and deny any and all requests for relief contained therein.

## AFFIRMATIVE DEFENSES

In addition to the defenses set forth above, Hollander asserts the following affirmative defenses to American Family's Complaint:

1. American Family fails to state a claim upon which relief may be granted.

2. American Family's claims are barred in whole or in part because of a lack of and/or failure of consideration.

3. American Family's claims are barred by estoppel and/or waiver.

4. The terms of the contract under which American Family seeks relief are ambiguous.

5. The terms of the contract under which American Family seeks relief are void and unenforceable.

6. Hollander was legally privileged to communicate truthful information to his former customers upon the termination of his agency with America Family.

7. American Family has failed to mitigate its damages.

8. American Family's trade secret claim is brought in bad faith.

9. Paragraph 6(k) of the 1993 Agreement is void and unenforceable because if violates the requirements of Wisconsin Statute §103.465.

10. Paragraph 6(u) of the 1993 Agreement is void in that it is an illegal and unenforceable liquidated damage clause that violates the public policy of the State of Wisconsin.

11. Hollander reserves the right to assert additional affirmative defenses.

WHEREFORE, the Defendant, Richard N. Hollander, respectfully requests that this Court dismiss American Family's Complaint and deny any and all requests for relief contained therein, and assess all costs and fees, including reasonable attorney fees pursuant to Wis. Stat. §143.90(4)(c), against American Family and in favor of Hollander.

## COUNTERCLAIM

COMES NOW the Defendant/Counterclaimant Richard N. Hollander ("Hollander"), by and through undersigned counsel, and for his cause of action against American Family Mutual Insurance Company ("American Family") states as follows:

### JURISDICTION

1. Hollander is an individual residing in Peosta, Dubuque County, Iowa.

2. The Hollander Insurance Agency, Inc., is an entity organized under the laws of The State of Iowa with its principal place of business in Dubuque, Dubuque County, Iowa.

3. American Family Mutual Insurance Co., Inc. is a corporation organized under the laws of the State of Wisconsin, with it principal place of business in the State of Wisconsin.

4. This Court has jurisdiction over Hollander's counterclaims pursuant to 28 U.S.C. §1367(a) as Hollander's counterclaims involve the same case or controversy as American Family's main claims, and, pursuant to Federal Rule of Civil Procedure 13(a)(1), Hollander's claims arise out of the same transaction or occurrence that is the subject matter of American Family's claims. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as one of Hollander's counterclaims involves a case or controversy arising under the federal Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*

## FACTUAL BACKGROUND

### a. Hollander's Agency with American Family

5. On June 1, 1982, Hollander began his career as an insurance agent for American Family.

6. Simultaneously with the advent of his agency, Hollander executed a "Career Agent's Agreement" (the "1982 Agreement"). A copy of the 1982 Agreement is attached to American Family's Complaint as Exhibit A and is incorporated by this reference as if fully set forth herein.

7. On or about January 1, 1993, Hollander executed a new agreement, the "American Family Agent Agreement" (the "1993 Agreement"), with American Family. A copy of the 1993 Agreement is attached to American Family's Complaint as Exhibit B and is incorporated by this reference as if fully set forth herein.

8. The 1993 Agreement provides, at ¶7(a), that "[t]his agreement supersedes all prior agreements between you and the Company, whether written or oral, and constitutes the entire agreement."

9. During the course of his 26 years of service to American Family, Hollander was, at all times, a "captive" or "career" agent who was bound, by contract, to write and sell insurance products solely through and on behalf of American Family.

10. During the course of Hollander's agency with American Family, American Family exercised significant control over him as a captive agent, including but not limited to:

a. American Family mandated that Hollander attend certain training and/or continuing education classes and/or meetings through American Family;

b. Hollander was prohibited from selling and/or marketing insurance products and/or services for any company other than American Family;

c. Hollander was required, on an ongoing basis, to report to American Family verbally and/or in writing, the results of mandated sales activities or agency operation procedures;

d. American Family had the right to assign and reassign policies serviced by Hollander at will, and the commissions associated with the same, without approval and/or notice to Hollander;

e. Hollander was supervised and reported directly to an American Family employee, most recently, Steve Goldermann;

f. American Family had sole approval authority over whom Hollander could write insurance policies for;

g. American Family had the sole right to alter commissions and/or compensation arrangements for its captive agents, including Hollander;

h. Hollander could only use marketing and advertising provided by and/or approved by American Family;

i. American Family provided Hollander with a computer and required that he use its software and computer network to process insurance quotes, policies, and applications;

j. Hollander was required to comply with American Family's internal policies and procedures;

k. American Family maintained that all customer lists, customer files, policy information, etc. generated by Hollander were its sole and exclusive property throughout the tenure of Hollander's agency and following his termination.

**b. Hollander Terminates his Agency**

11. On July 31, 2008, Hollander informed American Family in writing that he was terminating his American Family agency effective August 1, 2008.

12. Following the termination of his American Family agency, i.e. on August 4, 2008, Hollander established the Hollander Insurance Agency, Inc. and began selling a multitude of insurance products through a variety of different insurance companies.

13. Hollander, through the Hollander Insurance Agency, sells and markets insurance products to the public at large.

14. At no point did Hollander ever retire from selling and/or writing insurance and/or close his insurance agency.

**c. Hollander's Extended Earnings**

15. Pursuant to the terms of the 1993 Agreement, following the termination of his agency with American Family, Hollander was entitled to "extended earnings" payments from American Family.

16. The amount of extended earnings to which Hollander was entitled was calculated based upon his years of service, age at termination, and renewal commissions in the 12 months preceding his termination.

17. Based on the formula adopted by American Family in the 1993 Agreement, Hollander was to receive total extended earnings payments of $331,955 in equal monthly installments over a thirty-six (36) month period.

18. Pursuant to ¶6(m) of the 1993 Agreement, the only conditions precedent to the vesting of Hollander's extended earnings were those conditions outlined in ¶6(l) (1) – (2), namely the return of American Family's written information and material.

19. In the days following his termination, Hollander corresponded with American Family's district manager, Steve Goldermann, regarding the return of all of American Family's property, including its written material, customer files, and computer systems.

20. On or about August 11, 2008, Goldermann, on behalf of American Family, retrieved all of American Family's property from Hollander.

21. Beginning in August of 2008, American Family began paying Hollander his extended earnings payments pursuant to the 1993 Agreement.

22. American Family made four extended earnings payments to Hollander under the terms of the 1993 Agreement.

23. In November of 2008, Hollander was notified by letter that American Family was unilaterally terminating his extended earnings and thereafter the payments were terminated.

24. Upon the termination of his agency, pursuant to ¶6(t) of the 1993 Agreement, Hollander was also entitled to receive a variable monthly sum based upon his life insurance renewal commissions for a period of eleven (11) years following his termination.

25. After making four (4) of the insurance commission payments, American Family terminated those payments as well.

**d. American Family Replaces Hollander**

26. Following Hollander's termination, American Family dispersed the American Family insurance policies, which by contract were always owned by American Family and formerly services by Hollander, to new and/or replacement agents in the Dubuque area.

27. Steve Goldermann, district manager for American Family, instructed certain American Family agents and personnel that they were to inform anyone who asked that Hollander had "retired" from selling insurance.

COUNT I - BREACH OF CONTRACT

28. Hollander incorporates the Paragraphs 1 - 27 by this reference as if fully set forth herein.

29. The 1993 Agreement is a valid, binding contract that governs the relationship between Hollander and American Family.

30. Pursuant to the terms of the 1993 Agreement, American Family was obligated to pay Hollander extended earnings payments totaling $331,955 in equal monthly installments over a thirty-six (36) month period.

31. Hollander complied with the conditions precedent to the receipt of his extended earnings by returning all of American Family's property to Steve Goldermann, American Family's district manager.

32. Despite beginning to make extended earnings payments to Hollander, American Family breached the 1993 Agreement by discontinuing those payments.

33. American Family also discontinued its payment of Hollander's monthly life insurance renewals.

34. American Family's breach has caused damage to Hollander.

COUNT II - INTENTIONAL INTERFERENCE WITH CONTRACT

35. Hollander incorporates the Paragraphs 1 - 27 by this reference as if fully set forth herein.

36. Upon the termination of his agency with American Family, Hollander began selling and marketing insurance products through the Hollander Insurance Agency, Inc.

37. As a result of his efforts, Hollander has prospective contractual relationships with customers and/or consumers of insurance products.

38. American Family interfered with Hollander's prospective contractual relationships by misrepresenting to those prospective customers and/or consumers that Hollander had retired.

39. American Family's misrepresentations were intentional and without privilege.

40. American Family's misrepresentations were made with reckless disregard for Hollander's right to market and sell insurance through the Hollander Insurance Agency.

41. As a result of American Family's misrepresentations about Hollander, those prospective customers and/or consumers did not place insurance policies with Hollander and Hollander has suffered damage.

COUNT III – INJURIOUS FALSEHOOD, RESTATEMENT 2d OF TORTS, §623A

42. Hollander incorporates Paragraphs 1 – 27 by this reference as if fully set forth herein.

43. American Family's representations to the public that Hollander had retired from selling and/or writing insurance were false.

44. American Family knew that its representations to the public about Hollander's "retirement" was false.

45. American Family knew or should have known that such false statements would result in harm to Hollander.

46. American Family's false representations were made with reckless disregard for Hollander's rights to market and sell insurance through the Hollander Insurance Agency.

47. American Family's false statements caused pecuniary loss to Hollander.

COUNT IV – THE EMPLOYEE RETIREMENT INCOME
SECURITY ACT Of 1974, 29 U.S.C. §1001 et seq.

48. Hollander incorporates Paragraphs 1- 27 by this reference as if fully set forth herein.

49. American Family had the right to exercise control over the manner and means by which Hollander sold and marketed American Family's insurance products.

50. American Family exercised that control.

51. American Family had the right to authorize and/or veto Hollander's major business decisions.

52. American Family exercised its right to authorize and/or veto Hollander's major business decisions.

53. Hollander entitlement to "extended earnings" was calculated based upon his years of service, age at termination, and renewal commissions in the twelve (12) months preceding his termination.

54. The "extended earnings" plan found in the 1993 Agreement is a qualified employee pension benefit plan under 29 U.S.C. §1002(2)(A).

55. American Family's termination of Hollander's extended earnings for an alleged violation of a non-solicitation agreement is a violation of the Employee Retirement Income Security Act of 1974.

56. Hollander is entitled to damages, including reasonable attorney fees and costs,

arising from American Family's wrongful termination of his pension benefits under the 1993 Agreement.

WHEREFORE the Defendant/Counterclaimant Richard N. Hollander, respectfully requests that this Court grant judgment in his favor and award all damages allowable by law, including reasonable attorney fees and punitive damages arising from American Family's tortious conduct, and for such other and further relief as may be just and proper under the circumstances.

SIMMONS PERRINE MOYER BERGMAN PLC

By ______________________________

Kevin J. Visser AT0008101
Abbe M. Stensland AT0008831
Dawn M. Gibson AT0009413
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
E-mail: kvisser@simmonsperrine.com
astensland@simmonsperrine.com
dgibson@simmonsperrine.com

ATTORNEYS FOR DEFENDANT

Copy to:

J. Michael Weston
Gregory M. Lederer
Brenda K. Wallrichs
Benjamin M. Weston
Lederer Weston Craig P.L.C.
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, IA 52406-1927

CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that on the date indicated below, a true copy of the foregoing instrument was served upon all parties in interest to the above entitled cause by enclosing the same in an envelope addressed to each party at their respective address as disclosed on the service list appended hereto by:

☒ U.S. Mail ☐ Fax ☐ Hand Delivery
☐ Overnight Courier ☐ Certified Mail ☐ Other

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 2 day of June, 2009 in Cedar Rapids, Linn County, Iowa

______________________________

U:\slaughlin\WP\AMS\Hollander\Answer.final.060209.doc