IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | No. C 08-1039 |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| RICHARD N. HOLLANDER, | ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Partial Summary Judgment, filed February 12, 2010. Briefing concluded on March 22, 2010. Denied in part and ruling reserved in part.

Plaintiff brings this action in the following five counts:

Count 1: Violation of the Computer Fraud and Abuse Act (CFAA), 18 USC §1030 et seq.; Count 2: Misappropriation of Trade Secrets in violation of IC §550; Count 3: Breach of contract; Count 4: Intentional interference with contractual obligations; and Count 5: Declaratory judgment relieving plaintiff of any contractual obligation to pay certain sums to defendant.

Defendant counterclaims as follows: Counterclaim Count 1: Breach of contract; Counterclaim Count 2: Intentional interference with contract;

Counterclaim Count 3: Injurious falsehood; and Counterclaim Count 4: violations of the Employee Retirement Income Security Act (ERISA). The background of this matter is substantially set forth in the Report and Recommendation of Magistrate Judge Scoles, filed March 3, 2009.

Defendant seeks summary judgment on Counts 1, 2, 3, and 5, and on Counterclaim Count 1. In support as to Count 1, he asserts his use of plaintiff's database was authorized, and that the CFAA does not provide damages for lost profits or revenue. On Count 2, he asserts that at most, he had access to customer names and contact information, that Wisconsin law is applicable to this claim, and that the customer lists are not subject to protection by the Wisconsin Trade Secrets Act. On Count 3, he asserts that plaintiff's breach of contract claim is based on a restrictive covenant in the American Family Agent Agreement (Agreement), and that the covenant is void under Wisconsin law. As to Count 5 and Counterclaim Count 1, both related to Section 6.u. of the Agreement providing for the forfeiture of extended earnings to which he would otherwise be entitled following termination, he asserts that the forfeiture clause is an unenforceable liquidated damages provision.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court

must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Beginning with plaintiff's CFAA claim in Count 1, the CFAA provides in part:

> Whoever...knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5000....shall be punished as provided in....this section.

18 USC §1030(a)(4).

> A civil action may be brought to obtain compensatory damages by "[a]ny person who suffers damage or loss by reason of a violation of this section...."

18 USC §1030(g).

In this case, the action can be brought only if the loss is at least $5000 in value. See 18 USC §1030(g) and (c)(4)(A)(i)(I).

Again, defendant urges that his access was authorized, and that any loss within the meaning of the CFAA was less than $5000. In resistance, plaintiff

3

asserts that defendant, anticipating terminating his relationship with plaintiff, accessed and used plaintiff's computer database to aid himself in competing with plaintiff. Plaintiff asserts that defendant's actions in developing an interest adverse to plaintiff, and then using the database to further his adverse interests, transformed his authorized access into unauthorized access.

As discussed in NCMIC Finance Corp. v. Artino, 638 FS2d 1042, 1056 (SD IA 2009), the court is satisfied that a defendant may act "without authorization" or "exceed authorized access" even when he has permission to access the protected computer, but then uses that information in a manner inconsistent with the plaintiff's interests, where the defendant intended to use that information in that manner at the time of access. Additionally, it appears undisputed that plaintiff does not seek lost profits or revenue on this count, but rather only loss recognized within the meaning of the CFAA, and there exists a disputed issue of fact as to the amount of the claimed loss. Accordingly, the court finds there exists a disputed issue of material fact precluding summary judgment on Count 1.

Turning to Count 2, plaintiff claims defendant misappropriated trade secrets, including customer lists, in violation of IC §550. Defendant seeks summary judgment, asserting that Wisconsin law is applicable to this claim, and that customer lists are not trade secrets within the meaning of Wisconsin law.

Defendant asserts plaintiff took no steps to protect the customer lists, that they have no economic value, and that his use of customer lists was not unauthorized. Plaintiff resists, urging Iowa law is applicable to its trade secrets claim, the lists have economic value, that it made reasonable efforts to protect their secrecy, and that they were misappropriated by defendant.

For the reasons thoroughly discussed by Judge Scoles in his Report and Recommendation of March 3, 2009, the court concludes that there exists no conflict between Iowa and Wisconsin law, as those laws appear to be substantially identical in their definition of "trade secret" and the customer lists may be found to be "trade secrets" under either State's law. The court further finds there exist disputed issues of material fact as to the economic value of the lists, reasonable efforts to maintain their secrecy, and misappropriation, and therefore the motion shall be denied as to Count 2.

As to the breach of contract claim in Count 3, Section 6.k. of the Agreement provides in part as follows:

> For a period of one year following termination of this agreement, you will not either personally or through any other person, agency, company or organization directly or indirectly induce, attempt to induce or assist anyone else in inducing or attempting to induce any policyholder of the Companies credited to your account at the time of termination to lapse, cancel, replace or surrender any insurance policy in force with the Companies.

Defendant asserts this provision is unenforceable under Wisconsin law.

5

It is undisputed that Wisconsin law applies to the claim in Count 3, and for the reasons set forth in the Report and Recommendation at pp. 24-28, the court finds the provision enforceable. The motion shall therefore be denied as to Count 3.

Finally, as to defendant's motion for summary judgment on Count 5 and Counterclaim Count 1, defendant asserts the Agreement provides him a right to certain extended earnings. The Agreement further contains a forfeiture clause, Section 6.u., which provides:

> If you do not comply with all the provisions of this agreement, particularly Sec. 6.k. entitled "Your Activity After Termination", you shall immediately forfeit all rights to extended earnings otherwise payable by any Company thereafter.

Defendant urges Section 6.u. is an unenforceable liquidated damages clause. In support, defendant asserts that plaintiff's damages, if any, are readily ascertainable, and the forfeiture clause is not a reasonable estimation of damage plaintiff would suffer in the event of a breach. In resistance, plaintiff urges that damages arising from a breach were not readily ascertainable when the parties entered into the Agreement, and that defendant's "extended earnings" under the agreement were a reasonable forecast of the likely harm.

The validity of a stipulated damages clause is a question of law, requiring the court to determine whether the clause is reasonable under the totality of the circumstances. Wassenaar v. Panos, 331 NW2d 357, 362 (WI 1983). The legal

conclusion as to validity "will frequently be derived from a resolution of disputed facts or inferences," and the court must consider all relevant circumstances, including the anticipated and actual injury to the nonbreaching party. Id. at 361. In light of the resolution of this issue involving determination of disputed facts and inferences, the court will reserve ruling on the motion as to Count 5 and Counterclaim Count 1, pending the trial on the merits.

It is therefore

ORDERED

Defendant's Motion for Partial Summary Judgment denied as to Counts 1, 2, and 3; ruling reserved as to Count 5 and Counterclaim Count 1.

July 20, 2010.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT