IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | No. C 08-1039 |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| RICHARD N. HOLLANDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Leave to File Amended Answer and Counterclaims, filed April 15, 2011, and plaintiff's resisted Conditional Motion to Continue Trial, filed April 18, 2011, with briefing of motions, resistances, and replies concluding April 21, 2011. Motions denied.

Defendant moves to amend his Answer to Complaint and Counterclaims, filed June 2, 2009, to add a counterclaim under the Iowa Wage Payment Collection Law, IC §91A.

In considering whether leave should be granted for amendments to pleadings before trial, FRCP 15(a)(2) provides in part that "[t]he court should freely give leave when justice so requires." However, FRCP 16(b)(4) provides that the scheduling order limiting time for amendment of pleadings "may be

modified only for good cause...." The deadline to amend pleadings was July 1, 2009, approximately twenty-one months ago, and trial in this matter is scheduled to begin on Monday, May 2, 2011.

In Sherman v. Winco Fireworks Inc., 532 F3d 709 (8th Cir. 2008), the Court of Appeals discussed the interaction between the liberal standard of FRCP 15(a) and the "good cause" requirement of FRCP 16(b)(4), holding that in considering a motion to amend filed after the deadline for amendment, the "good cause" standard of FRCP 16(b)(4) “must” be applied. Id. at 716, citing Popoalii v. Corr. Med. Servs., 512 F3d 488, 497 (8th Cir. 2008). The court further observed that "[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman, supra, 532 F3d at 717 (citations omitted).

Defendant asserts that good cause for amendment exists because plaintiff will suffer no prejudice if the amendment is allowed, as the proposed new counterclaim under IC §91A is based upon the same facts and documents as Counterclaim Count 4, brought under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 et seq., though the proposed new counterclaim adds the potential availability of additional damages.

The Sherman court noted that while prejudice to the nonmovant may be a relevant factor, the focus in the first instance is upon the diligence of the party

seeking modification. Where the proposed amendment was based upon no change in the law, no new facts, nor any other circumstance that made the proposed amendment more viable after the deadline for amendments, "good cause" was not shown. Id. at 718. The Sherman court held that the application of the "good cause" standard is not optional. Id. at 716.

In light of the discussion and holding in Sherman, it is the court's view that defendant has not come forward with a showing of "good cause" within the meaning of FRCP 16(b)(4), and therefore the motion to amend must be denied.

Plaintiff's conditional motion to continue trial seeks a continuance of trial only if defendant's motion to amend is granted. Due to the court's disposition of this matter, plaintiff's conditional motion shall be denied as moot.

It is therefore

ORDERED

Motions denied.

April 21, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT