IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) No. C 08-1039 ) ) ORDER |
| vs. | ) ) |
| RICHARD N. HOLLANDER, | ) ) |
| Defendant. | ) ) |

This matter is before the court on defendant's resisted Motion for Attorney Fees, filed May 23, 2011, and on plaintiff's resisted Motion for Judgment as a Matter of Law and Alternative Motion for New Trial, filed June 3, 2011. Briefing concluded July 1, 2011. Motion for Attorney Fees granted in part; Motion for Judgment as a Matter of Law and Alternative Motion for New Trial denied.

Following a trial by jury, a verdict was rendered in favor of defendant on May 6, 2011, and judgment was entered on May 9, 2011. Defendant seeks an award of attorney fees in the amount of $261,781.53 pursuant to IC §91A.8, and in addition to the Bill of Costs filed May 23, 2011, pursuant to FRCP 54 defendant seeks expert witness fees in the amount of $21,145 for witness Koons, travel expenses in the amount of $245 for counsel's travel to conduct depositions

1

and interview witnesses, and expenses in the amount of $1661.56 for depositions necessary for trial preparation but not used in court.

Plaintiff resists the motion for fees, urging that defendant did not establish plaintiff's liability under IC §91A. In support, plaintiff asserts the jury determination that it did not prove Hollander breached the Agent Agreement is not an affirmative award of wages under IC §91A. Additionally, plaintiff asserts that Question #6 on the Verdict, and the jury's answer thereto, does not constitute an award of wages under IC §91A. Additionally, plaintiff urges that if Hollander was awarded wages, he is only entitled to fees for the time the claim was in the case. Plaintiff asserts defendant is not entitled to expert fees for expert witness Koons, as Koons' fees were not incurred in the recovery of unpaid wages, and alternatively, defendant is not entitled to expert fees in excess of the statutory per diem. Plaintiff further asserts that defendant is not entitled to reimbursement for travel expenses or deposition fees, as neither were incurred in recovering wages under IC §91A.

Pursuant to FRCP 15(b), the court permitted defendant to amend his pleadings to include a wage collection claim under IC §91A. Plaintiff having failed to prove its breach claim, it is undisputed that the extended earnings were owing, and the amount thereof was undisputed. The matter of whether defendant's wage claim satisfied §91A.3 is a legal question for the court, and not

2

for the jury. Kaufmann v. Siemens Medical Solutions USA, Inc., 638 F3d 840, 846 (8th Cir. 2011). Defendant's extended earnings are a function of his commission sales, and they are wages within the meaning of the applicable law. Id., at 944. Defendant, as a commissioned insurance agent, falls within the provisions of IC §91A.2(3). Jeanes v. Allied Life Ins. Co., 300 F3d 938, 944 (8th Cir. 2002). The court is satisfied that defendant's extended earnings claim is a claim for wages under IC §91A, arising out of the conduct set out in the original pleadings, was substantively the same claim pressed by defendant throughout the case, and was inextricably intertwined with the defense of plaintiff's contention that defendant was not entitled to extended earnings. The court finds no merit in plaintiff's contention that if awarded, fees and expenses should only be awarded from no earlier than shortly before the time of trial. Plaintiff has stipulated that the hourly rates claimed by defense counsel are fair and reasonable, and that the overall amount of time claimed by defense counsel and staff is fair and reasonable. See American Family's Response to Hollander's Motion to Expedite Discovery Responses, docket #144. Defendant's Motion for Fees shall be granted.

As for the three expense items sought, the $1661.56 for deposition expenses shall be awarded as necessary for use in the case, as will the expert witness fees (subject to $40 per day as provided in 28 USC §1821). Sun Media

Systems, Inc., v. KDSM, LLC, 587 FS2d 1059, 1066 (SD IA 2008). The attorney travel expenses of $245 shall also be awarded. Id., at 1079. The parties shall stipulate to the number of days for which fees for witness Koons are compensable, or shall file a motion seeking resolution if the number of days remains in dispute.

Turning to plaintiff's motion for judgment as a matter of law (FRCP 50), or for new trial (FRCP 59), "judgment as a matter of law is only appropriate where no reasonable jury could have found for the nonmoving party." Kaufmann v. Siemens Medical Solutions USA, Inc., supra, 638 F3d at 844 (citations omitted). Additionally, a new trial may be granted where the verdict is against the clear weight of the evidence, clearly excessive, or the result of passion or prejudice. MacGregor v. Mallinckrodt, Inc., 373 F3d 923, 930 (8th Cir. 2004). The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice. Haigh v. Gelita USA, Inc., 632 F3d 464, 471 (8th Cir. 2011). In support, plaintiff urges that the undisputed evidence establishes defendant breached the Agency Agreement. Moreover, plaintiff urges the jury was improperly instructed as to the term "induce," the court improperly granted defendant's FRCP 15(b) motion to amend to add his IC §91A claim, and the court erred in admitting irrelevant and prejudicial evidence.

Viewed in light of the appropriate standards, it is the court's view that the verdict is not against the weight of the evidence, and that the motions under FRCP 50 and FRCP 59 should be denied.

On its own motion, the court will amend the judgment to include an award of costs and interest as allowed by law. FRCP 54(d), 28 USC §1961, FRCP Form 70, Appendix of Forms. Still pending before the court is defendant's claim under ERISA.

It is therefore

ORDERED

1. The judgment entered May 9, 2011, is amended nunc pro tunc to include costs and interest as allowed by law.

2. Motion for Attorney Fees granted. Defendant is awarded fees in the amount of $261,783, deposition expenses in the amount of $1661.56, travel expenses in the amount of $245, and witness fees for witness Koons in accordance herewith. If the parties are unable to stipulate to witness fees in accordance with the text of this order, they shall file any appropriate motion by not later than Monday, July 18, 2011.

3. Motion for Judgment as a Matter of Law and Alternative Motion for New Trial denied.

4. The parties shall submit their positions as to the proposed procedure for resolution of defendant's pending ERISA claim by not later than Monday, July 18, 2011.

July 8, 2011.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT